09-3228-cr
United States v. Horton

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of June, two thousand ten.

PRESENT:   REENA RAGGI,
                        GERARD E. LYNCH,
                        J. CLIFFORD WALLACE,[*]
                                *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,
                        *Appellee*,

                v.                                            No. 09-3228-cr

MICHAEL HORTON, also known as BUDDY,
                        *Defendant-Appellant*,

WILLIAM LAM, also known as TOKE, BERNIE PEOPLES, also known as DUKE, SHANIKA DAVIS, MARK VENDERGRIFT,
                        *Defendants*.[**]

------------------------------------------------------------------

FOR APPELLANT:                    Michael Hurwitz, Hurwitz Stampur & Roth, New York, New York.

---

[*] Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[**] The Clerk of the Court is directed to amend the caption to read as shown above.

FOR APPELLEE:               Todd W. Blanche and Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 28, 2009, is AFFIRMED.

Defendant Michael Horton, who pleaded guilty to one count of conspiracy to traffic in firearms, see 18 U.S.C. § 922(a)(1)(A), appeals from a judgment sentencing him principally to 30 months' imprisonment. Horton asserts that procedural error in the district court's Guidelines calculation and substantive error in the term of incarceration render his sentence unreasonable. See United States v. Cavera, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc) (recognizing procedural and substantive components of reasonable sentence). We review a sentence for reasonableness, see United States v. Booker, 543 U.S. 220, 261-62 (2005), under an abuse-of-discretion standard that "incorporates de novo review of questions of law (including interpretation of the Guidelines) and clear-error review of questions of fact," United States v. Legros, 529 F.3d 470, 473-74 (2d Cir. 2008); see also United States v. Cavera, 550 F.3d at 187. In applying these principles, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Reasonableness: The Role Enhancement

2

Horton submits that the district court erred in applying a two-level role enhancement pursuant to U.S.S.G. § 3B1.1(c) in calculating his Sentencing Guidelines range. Specifically, he argues that the facts found by the district court and set forth in the Presentence Report ("PSR"), which facts he does not dispute, were insufficient to support a finding that he played the role of manager or supervisor in the charged offense, particularly in light of the extensive roles played by co-defendants William Lam and Bernie Peoples. We disagree.

The Guidelines establish three separate offense-level enhancements for a defendant's "Aggravating Role" in an offense. U.S.S.G. § 3B1.1. For criminal activity involving at least five participants or that is otherwise extensive, the Guidelines provide for a four-level enhancement if the defendant was an "organizer or leader," U.S.S.G. § 3B1.1(a), and a three-level enhancement if the defendant was a "manager or supervisor (but not an organizer or leader)," id. § 3B1.1(b). Section 3B1.1(c) provides for a two-level enhancement if the defendant was an "organizer, leader, manager, or supervisor" in connection with criminal activity involving fewer than five participants and not otherwise extensive. Id. § 3B1.1(c); see also United States v. Ojeikere, 545 F.3d 220, 221-22 (2d Cir. 2008).

A defendant is properly considered a manager or supervisor "if he exercised some degree of control over others involved in the commission of the offense or played a significant role in the decision to recruit or to supervise lower-level participants." United States v. Hertular, 562 F.3d 433, 448 (2d Cir. 2009) (internal quotation marks and citation omitted). Moreover, a defendant need only manage or supervise one other participant to warrant a role enhancement. See United States v. Garcia, 413 F.3d 201, 223 (2d Cir. 2005)

3

(stating that recruiting single drug courier into conspiracy could "by itself" support enhancement). If such management or supervision is found, "the adjustment is mandatory." United States v. Burgos, 324 F.3d 85, 92 (2d Cir. 2003).

Horton's argument that no role enhancement was warranted fails in light of the district court's findings that Horton "helped negotiate prices, helped recruit certain co-conspirators, [and] helped direct the activity of the co-conspirators to some degree." Sent'g Tr. at 10. These findings were grounded in the PSR, which reported that Horton (1) served as a key point of contact between the conspiracy and the New York buyer (actually an undercover agent), (2) negotiated prices and arranged payment and delivery details, and (3) decided to recruit others to buy guns in South Carolina and to deliver them for sale in New York. We detect no error, let alone clear error, in the district court's factual findings. See United States v. Ivezaj, 568 F.3d 88, 99 (2d Cir. 2009).

Even if co-defendants played equally significant roles in the conspiracy – a point that is far from clear – their roles would not negate Horton's own role as a manager or supervisor. See U.S.S.G. § 3B1.1 Application Note 4 ("There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy."); United States v. Duncan, 42 F.3d 97, 106 n.6 (2d Cir. 1994) (observing that "such comparative analyses are irrelevant, since one conspirator's leadership role is not dispositive on the question of whether another was also a leader"); accord United States v. Si Lu Tian, 339 F.3d 143, 157 (2d Cir. 2003).

4

Accordingly, the record amply supports the district court's conclusion that Horton qualified for an aggravating role enhancement under U.S.S.G. § 3B1.1.[1]

2.      Substantive Reasonableness

Horton asserts that his sentence is substantively unreasonable because it is disproportionate to the sentences later imposed on his co-defendants. We disagree. The primary concern of 18 U.S.C. § 3553(a)(6) is nationwide sentencing disparity among similarly situated defendants, not disparities among co-defendants. See United States v. Frias, 521 F.3d 229, 236 (2d Cir. 2008). To the extent a district court considers sentencing disparities among co-defendants, the weight afforded any such concern "is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Florez, 447 F.3d 145, 158 (2d Cir. 2006) (internal quotation marks and brackets omitted).

"[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006); see also Rita v. United States, 551 U.S. 338, 347 (2007) (stating that Guidelines sentence "significantly

---

[1] To the extent it could be argued that the district court miscalculated the Guidelines by not imposing a three-level enhancement under § 3B1.1(b) rather than the two-level enhancement it imposed, we note that the government has not cross-appealed the sentence imposed and that there is no reason to believe that Horton would have received a more lenient sentence had the Guidelines calculation produced a higher recommended sentencing range.

increases the likelihood that the sentence is a reasonable one"). Here, the district court imposed a sentence 16 months below the Guidelines range after considering the 18 U.S.C. § 3553(a) factors in light of, inter alia, Horton's personal circumstances and remorse, the dangers inherent in the illegal sale of firearms, and the need for general deterrence. On this record, we conclude that the sentence fell within the broad range of permissible decisions, see United States v. Cavera, 550 F.3d at 189, particularly where Horton fails to provide convincing support for his claim that he and his co-defendant comparators were so similarly situated as to compel equally lenient sentences for all, see United States v. Jimenez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) ("As with departures, the proponent of a factor that would work in the proponent's favor has to provide the basis to support it."); accord United States v. Fernandez, 443 F.3d at 32.

We have considered Horton's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6