■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES STURGIS, Appellant.—Judgment unanimously modified, on the law, by reversing the conviction of criminal possession of stolen property in the second degree, dismissing that count of the indictment and vacating the sentence imposed thereon, and, as modified, affirmed. Memorandum: The prosecution failed to present sufficient evidence to raise the inference that defendant knew that the gun he possessed was stolen. The fact that defendant threw the gun away when he was approached by the police does not give rise to the inference that he knew he possessed a stolen gun; the inference is just as logical that he threw it away because he knew it was illegal to possess a weapon, stolen or not. Nor can the prosecution rely upon the inference arising from recent and unexplained possession of stolen goods because the jury was not informed of this inference *(see, People v Hunt,* 112 AD2d 781).

Both the prosecution and defendant agree that the resentencing in defendant's absence was invalid. We see no infirmity, however, in the original sentencing. We construe the original sentencing as imposing indeterminate terms of imprisonment, with a minimum of one year and a maximum of three years, on each of the counts of which he was convicted, the terms necessarily running concurrently. Since we reverse the conviction of criminal possession of stolen property, and since the People have taken no appeal from the court's dismissal of the first count of the indictment, the only conviction remaining is that of criminal possession of a weapon in the third degree under the second count of the indictment, for which defendant was properly sentenced to an indeterminate term of 1 to 3 years. (Appeal from judgment of Monroe County Court, Maloy, J.—criminal possession of weapon, third degree, and another offense.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.