**UNITED STATES of America,**
**Appellee,**

v.

**Alberto CASIANO, also known as**
**Tito, Defendant–Appellant.**

**No. 07–0956–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 20, 2008.

Felice M. Duffy, Robert M. Spector, Sandra S. Glover, of counsel, Assistant United States Attorneys, for Nora R. Dannehy, Acting United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Marjorie M. Smith, Esq., Piermont, NY, for Appellant.

PRESENT: DENNIS JACOBS, Chief Judge, ROSEMARY S. POOLER and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Alberto Casiano pleaded guilty to one count of possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him principally to a term of 51 months' imprisonment. Casiano now appeals from the sentence. We assume familiarity with the facts and procedural history.

We review a criminal sentence for both procedural and substantive reasonableness under an abuse-of-discretion standard. *United States v. Legros*, 529 F.3d 470, 473–74 (2d Cir.2008).

To the extent Casiano claims that his sentence was procedurally unreasonable, the argument plainly fails. The

district court made an unchallenged determination as to the applicable Sentencing Guidelines range, noted that the Guidelines were advisory, and gave a lengthy explanation of the considerations that informed its judgment, which included the Section 3553(a) factors and their relevance to this case. *See United States v. Rattoballi*, 452 F.3d 127, 131–32 (2d Cir.2006) (in reviewing for procedural reasonableness, the Court considers whether "the district court properly (a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a)").

To the extent Casiano claims that his sentence is substantively unreasonable, we reject his contention. The Guidelines called for a sentencing range of 188 to 235 months' imprisonment, based in part on the fact that Casiano qualified as a career offender under Guidelines Section 4B1.1. We have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006). The district court in this case, however, not only applied a downward departure pursuant to Guidelines Section 4A1.3(b)(1), appropriately concluding that Casiano's criminal history category as a career offender substantially overrepresented the seriousness of his criminal history, but also imposed a sentence that was 117 months below the post-departure Guidelines range of 168–210 months, based in part on Casiano's good behavior while on release, employment record, and family ties. This strongly undercuts any conclusion that the 51–month prison sentence was unreasonably harsh.

Moreover, although the district court did not believe that the career offender Guidelines recommended an appropriate sentencing range in this case, it nevertheless did not believe that the ordinary Guidelines did so either. The court reasonably recognized the fact that Casiano had played a significant role in the crime and had done so while on probation for another narcotics offense, thus suggesting an enhanced need for specific deterrence in this case. We find no abuse of discretion in this reasoning.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.