08-1988-cr
United States v. Berganza

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-sixth day of March, two thousand and ten.

PRESENT:

> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> REENA RAGGI,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee,*

> -v.-                                                                       No. 08-1988-cr

BYRON BERGANZA,

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**                Jeffrey Cohn, New York, NY.

**FOR APPELLEE:**                Anirudh Bansal, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, Katherine Polk Failla, Assistant United States Attorney, *of counsel*) Office of the United States Attorney for the Southern District of New York, NY.

1

Appeal from an April 22, 2008 order of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Byron Berganza ("defendant") was convicted pursuant to a guilty plea entered on August 10, 2006 of conspiring to import cocaine and to distribute cocaine with knowledge and intent that it would be imported, in violation of 21 U.S.C.§§ 963, 952(a), and 959(a), and of conspiring to distribute cocaine in violation of 21 U.S.C.§§ 846 and 841(a)(1). The District Court held a *Fatico* hearing, *see United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), to resolve disputed factual issues relating to sentencing and, on April 11, 2008, sentenced defendant principally to a term of imprisonment of 262 months to be followed by a five-year term of supervised release. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

On appeal, defendant argues principally that (1) the District Court erred in finding that defendant "was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive," and, accordingly, imposing a role enhancement under U.S.S.G. § 3B1.1(a); (2) the District Court erred in calculating the drug quantity attributable to defendant, *i.e.*, more than 150 kilograms of cocaine, and in increasing defendant's offense level from 36 to 38; and (3) the sentence imposed on defendant was procedurally and substantively unreasonable.

We review a district court's interpretation and application of the Guidelines for "abuse of discretion." *See, e.g.*, *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted). Based on the record before us, we cannot say that the District Court erred in finding that defendant was an organizer or leader with respect to the shipments of cocaine involved in the conspiracy.

Similarly, defendant's argument that the District Court erred in calculating the quantity of cocaine attributable to defendant and increasing defendant's offense level by two points is without merit. The District Court fully considered and rejected defendant's argument that the informant providing the information as to the quantity of cocaine was not credible, *see* App'x at 111. We cannot find error in the District Court's evaluation of the evidence or determinations regarding the quantity of cocaine attributable to defendant.

Defendant also challenges the reasonableness of his sentence as a whole. We review challenges to the reasonableness of a sentence, "whether inside, just outside, or significantly outside the Guidelines range . . . under a deferential abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 591 (2007). *See Sims*, 534 F.3d at 132; *see also United States v. Cavera*, 550 F.3d 180, 188 n.5 (2008) (en banc) (calling for a "particularly deferential form of abuse-of-discretion review" in evaluating a sentence's procedural and substantive reasonableness), *cert. denied*, 129 S. Ct. 2735 (2009).

The District Court did not err—much less "abuse its discretion"—in imposing a 262-month sentence on defendant in light of the circumstances and facts in the record. The record shows that the District Court properly calculated the advisory Guidelines range, duly considered the factors listed in 18 U.S.C. § 3553(a), and stated its reasons for assigning the sentence it did. Additionally, based on the record and facts cited by the District Court in assigning defendant's sentence, it cannot be said that the sentence imposed "cannot be located within the range of permissible decisions." *Sims*, 534 F.3d at 132.

## **CONCLUSION**

We have considered each of defendant's arguments on appeal and find them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court