09-4114-cr
United States v. Davis

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand ten.

PRESENT: ROGER J. MINER,
              BARRINGTON D. PARKER,
              REENA RAGGI,
                    *Circuit Judges*.

------------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

           v.                            No. 09-4114-cr

CHRISTOPHER LISTON DAVIS, a.k.a
Robert Alan Smith,
                    *Defendant-Appellant*.

------------------------------------------------------------------------------------

FOR APPELLANT:      George Baird, Assistant Federal Public Defender, *for* Alexander Bunin, Federal Public Defender, Albany, New York.

FOR APPELLEE:        Elizabeth S. Riker, Assistant United States Attorney (Elizabeth A. Horsman, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York

(Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 1, 2009, is AFFIRMED.

Defendant Christopher Liston Davis is presently incarcerated, serving concurrent 57-month prison terms imposed after a guilty plea to one count of attempted illegal reentry after deportation subsequent to an aggravated felony conviction, see 8 U.S.C. § 1326(a)-(b), and one count of using a fraudulently obtained passport, see 18 U.S.C. § 1542. Davis appeals from only that part of his judgment of conviction imposing a $7,500 fine. We review a sentence, including a fine, for reasonableness, a standard akin to review for abuse of discretion. See Kimbrough v. United States, 552 U.S. 85, 90-91 (2007); United States v. Cavera, 550 F.3d 180, 187-88 & n.5 (2d Cir. 2008) (en banc). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Ability to Pay

Davis does not dispute the district court's authority to impose a fine for the crimes of conviction. See 8 U.S.C. § 1326(b); 18 U.S.C. § 3571(a). He further acknowledges that the challenged fine represents the bottom of the applicable Sentencing Guidelines range of $7,500 to $75,000. Davis maintains that the district court committed procedural error in finding, contrary to the presentence report ("PSR"), that he was able to pay such a fine. We review this factual finding for clear error. See United States v. Awan, 607 F.3d 306, 312 (2d Cir. 2010); United States v. Cavera, 550 F.3d at 190.

2

The district court determined that Davis could afford to pay a fine because he (1) jointly owned an unencumbered home worth $65,000; (2) owned two vehicles worth $3,500 and $6,000; and (3) was able to "be productive and produce money to pay a fine." Sentencing Tr. at 18. We identify no clear error in this determination. Although Davis argues that the government erred in asserting that he would be eligible for prison employment, the district court did not rely on this representation in making its own finding. Further, the potential difficulty in liquidating Davis's property in Jamaica, which informed the PSR's recommendation against imposition of a fine, did not preclude the district court from finding that Davis had assets that he could draw on to pay a fine.[1]

2.      Reference to Appointed Counsel

Davis asserts that the district court committed further procedural error by treating his representation by appointed counsel as a factor weighing in favor of, rather than against, imposition of a fine. See U.S.S.G. § 5E1.2 cmt. n.3 (stating that defendant's representation by assigned counsel is generally a significant factor weighing against fine). We are not persuaded. Although district courts are no longer bound to follow the Guidelines or

_____

[1] United States v. Gonzalez, 541 F.3d 1250 (11th Cir. 2008), relied on by Davis, warrants no different conclusion. There, the Eleventh Circuit vacated a $250,000 fine, several multiples above the $60,000 top of the Guidelines range, imposed without explanation on a defendant whom the presentence investigation report indicated could not pay both a fine and mandatory restitution of $116,300. See id. at 1256. By contrast, the district court here made reasonable findings regarding Davis's assets and capacity for future earnings before imposing a fine at the bottom of the applicable Guidelines range. On this record, we identify no deficiency of explanation requiring remand. See United States v. Cavera, 550 F.3d at 190.

3

Guidelines commentary with which they disagree, see United States v. Kimbrough, 552 U.S. at 101, we do not, in fact, understand the district court to have expressed any categorical disagreement with the cited commentary in this case. In context, the challenged statement appears only to explain that, in light of other indicators that Davis had significant assets with which to pay a fine, the district court was not prepared to waive a fine, thereby depriving taxpayers, who had already incurred expenses in connection with Davis's prosecution, of a contemplated monetary penalty. This is consistent with § 5E1.2(a), which mandates "a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." See U.S.S.G.§ 5E1.2(a).

3.     Consideration of Statutory Factors

Davis contends that the district court failed adequately to consider and weigh the relevant statutory and Guidelines factors, see 18 U.S.C. § 3572(a); U.S.S.G. § 5E1.2(d), before imposing a fine, see United States v. Rattoballi, 452 F.3d 127, 139 (2d Cir. 2006). Specifically, Davis faults the district court for not considering the impact of the fine on his current wife, who remained in the United States while he was in Jamaica, and his three children, two of whom are no longer minors. See 18 U.S.C. § 3572(a)(2); U.S.S.G. § 5E1.2(d)(3).

In fact, the district court acknowledged Davis's assertion that his wife's Florida home was in foreclosure and that he had three children. Nevertheless, it determined that these facts did not warrant waiver of a fine because Davis had neither taken steps while in Jamaica to assist his wife financially nor adduced any evidence that he was paying or obligated to pay

4

child support. To the extent Davis asserts that the district court erred by not specifically discussing "other pertinent equitable considerations," U.S.S.G. § 5E1.2(d)(8), we have disavowed any "formulaic requirement[]" for "robotic incantations" by district judges regarding each sentencing factor, United States v. Keller, 539 F.3d 97, 101 (2d Cir. 2008) (internal quotation marks omitted). The record in this case provides no reason to question the presumption that a district judge has considered all pertinent factors. See United States v. Legros, 529 F.3d 470, 478 (2d Cir. 2008).[2]

Indeed, the district court identified "the nature and circumstances of the offense and the history and characteristics of the defendant," see 18 U.S.C. § 3553(a)(1); the need to promote respect for law and provide appropriate punishment, see id. § 3553(a)(2)(A); the need to afford adequate deterrence, see id. § 3553(a)(2)(B); and the cost to the government of imprisoning Davis for repeated illegal reentry, see id. § 3572(a)(6), as factors weighing in favor of imposing a fine even if Davis's family circumstances might have weighed against it. To the extent Davis challenges the weight assigned to these factors, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v.

_____

[2] United States v. Drinkwine, 133 F.3d 203 (2d Cir. 1998), on which Davis relies, is not to the contrary. There, the imposition of a $50,000 fine on an indigent defendant suggested that the district court did not adequately consider the needs of defendant's son, of whom defendant had custody and for whom he was directed to pay child support. See id. at 205. Here, by contrast, the district court made specific findings regarding Davis's assets, which could be used to pay a more modest fine of $7,500, and Davis adduced no evidence that he was required to support or actually supporting his putative dependents.

5

Cavera, 550 F.3d at 189 (emphasis in original) (internal quotation marks omitted). This is not such a case. Given Davis's long history of criminal conduct – including drug trafficking, parole violations, and fraudulent procurement and use of identification documents – the challenged fine was not substantively unreasonable.

We have considered Davis's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the October 1, 2009 judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court