10-185-cr
United States v. Reynoso

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of March, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
          PIERRE N. LEVAL,
          REENA RAGGI,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                              10-185-cr

JOSE GONZALES, JR.,
          Defendant,

FAUSTO REYNOSO,
          Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:     Laurie S. Hershey, Manhasset, New York.

---

* The Clerk of the Court is respectfully directed to amend the official caption in this action to conform to the caption as set forth above. All appellate issues related to United States v. Rojas, 10-522-cr have been adjudicated in a separate order entered today.

**FOR APPELLEE:**        Bonnie S. Klapper, Susan Corkery, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Reynoso pleaded guilty (without a plea agreement) to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846 and three counts of heroin distribution in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(i). Reynoso was sentenced principally to a below-Guidelines sentence of seventy-five months of incarceration on the conspiracy count and seventy-five months of incarceration on the substantive counts, with the terms of incarceration to run concurrently. Reynoso challenges his sentence, arguing that the district court misapprehended its authority to further reduce his sentence based on the impurity of the heroin. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This court reviews sentences for reasonableness, which "amounts to [a deferential] review for abuse of discretion." United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (in banc); see also Gall v. United States, 552 U.S. 38, 41 (2007) ("[C]ourts of appeals must review all sentences-- whether inside, just outside, or significantly outside the Guidelines range--under a deferential abuse-of-discretion standard."). A review of the record reveals that the district court properly calculated the Guidelines range and treated the Guidelines as advisory. See United States v. Preacely, 628 F.3d 72, 79 (2d Cir. 2010).

Evidence obtained pursuant to a court-ordered wiretap shows that Reynoso complained about the poor quality of the heroin he was able to obtain and that he sought higher purity drugs. Given these facts, the district court concluded that Reynoso's contention that impurity should serve as a mitigating factor was unpersuasive. "Trafficking

2

in controlled substances . . . of unusually high purity may warrant" an above-Guidelines sentence.  U.S. Sentencing Guidelines § 2D1.1, Application Note 9.  We need not decide whether the converse is true.  The district court was within its discretion in declining to further reduce Reynoso's sentence based on low drug purity.  The record makes clear that the district judge "faithfully discharged her duty to consider the statutory factors" in sentencing Reynoso and his sentence should be affirmed.  United States v. Legros, 529 F.3d 470, 478 (2d Cir. 2008) (internal quotation marks omitted).

Finding no merit in the arguments raised by Reynoso on appeal, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3