13-399-cr
United States v. Hodge

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**


<u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand fourteen.

PRESENT:  PIERRE N. LEVAL,
          DENNY CHIN,
          SUSAN L. CARNEY,
               <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
               <u>Appellee</u>,

               -v-

CH'KHAN HODGE, a.k.a. Shock Rock,
               <u>Defendant-Appellant</u>,

               and                              13-399-cr

CARLOS MARTE SANTOS, a.k.a. Shorty, a.k.a.
Julio Cesar Santos, a.k.a. Cesar, RICHARD
CASTRO, a.k.a. Tyson, SANDLEY ALEXIS,
RONALD BALLARD, CLIVE DAVIS, a.k.a. Link,
a.k.a. Little B, ANDRE MALCOLM, a.k.a. Dre,
JAMES MCCOY, GLEN THOMAS, a.k.a. G,
               <u>Defendants</u>.<sup>*</sup>

- - - - - - - - - - - - - - - - - - - - - - - -x

---

<sup>*</sup>        The Clerk of the Court is directed to amend the official caption as noted above.

FOR APPELLEE:                    Sandra S. Glover and Jonathan
                                 Freimann, Assistant United States
                                 Attorneys, for Deirdre M. Daly,
                                 Acting United States Attorney for
                                 the District of Connecticut,
                                 New Haven, Connecticut.

FOR DEFENDANT-APPELLANT:         Charles F. Willson, Nevins Law
                                 Group LLC, East Hartford,
                                 Connecticut.

Appeal from the United States District Court for the District of Connecticut (Burns, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Ch'khan Hodge appeals from the judgment of the district court entered January 18, 2013, sentencing him to 46 months' imprisonment and a five-year term of supervised release.

We assume the parties' familiarity with the facts and procedural history of the case, which we summarize as follows:

On February 9, 2010, Hodge pled guilty to possession of five grams or more of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

On December 8, 2010, the district court (Droney, J.) imposed a mandatory minimum sentence of 60 months' imprisonment and four years of supervised release, concluding that the Fair Sentencing Act of 2010 (the "FSA"), Pub. L. No. 111-220, 124 Stat.

-2-

2372, which reduced the quantities for triggering certain mandatory minimums in crack cocaine cases, did not apply retroactively.

On December 21, 2010, Hodge appealed his sentence. On December 5, 2011, this Court held Hodge's appeal in abeyance pending the Supreme Court's decision in Dorsey v. United States on the issue of the retroactive effect of the FSA. United States v. Hodge, U.S.C.A. Dkt. No. 10-5189, doc. 26 (Motion Order). The Supreme Court thereafter ruled that the FSA applies retroactively. Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012). This Court then granted the Government's motion to vacate the sentence and remand the matter for "de novo resentencing." United States v. Hodge, U.S.C.A. Dkt. No. 10-5189, doc. 56 (Motion Order).

At the resentencing hearing on January 18, 2013, the district court (Burns, J.) sentenced Hodge principally to 46 months' imprisonment -- the bottom of the Guidelines range -- and five years' supervised release. This appeal followed.

Hodge argues that his sentence was procedurally and substantively unreasonable because the district court increased the term of his supervised release from four years to five years (1) without addressing the 18 U.S.C. § 3553(a) sentencing factors, and (2) vindictively and in violation of the "law of the case" doctrine.

We review a sentence for both substantive and procedural unreasonableness under a "deferential abuse-of-discretion" standard.

-3-

United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)); United States v. Watkins, 667 F.3d 254, 260 (2d Cir. 2012).

## 1. Procedural Reasonableness

Hodge argues that the imposition of a five-year term of supervised release was procedurally unreasonable because the district court failed to properly consider the § 3553(a) factors, the Sentencing Guidelines, and the newly calculated minimum term of supervised release as identified by the presentence report. The addendum to the presentence report noted that Hodge was subject to three years to life of supervised release, pursuant to 21 U.S.C. § 841(b)(1)(C).

When reviewing whether a sentence is procedurally reasonable, "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." United States v. Legros, 529 F.3d 470, 478 (2d Cir. 2008) (alteration omitted). Hodge has not presented any evidence or arguments to overcome that presumption.

To the contrary, at Hodge's sentencing hearing, counsel discussed the § 3553(a) factors at length -- including Hodge's personal background, his criminal record, and the nature and circumstances of his offense. Indeed, Hodge's counsel even

-4-

emphasized the assistance that the probation office would provide Hodge after his release.  Furthermore, the court discussed the presentence report and acknowledged that it had "read the respective memoranda" filed in the case.

The imposition of the five-year term of supervised release was therefore procedurally reasonable.  See United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006).

## 2.   Substantive Reasonableness

When reviewing a sentence for substantive reasonableness, we ask whether the sentence "can[] be located within the range of permissible decisions."  Watkins, 667 F.3d at 261 (quotation marks omitted).  "In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."  Id. (alteration and quotation marks omitted).

First, Hodge's reliance on the vindictiveness presumption set forth in North Carolina v. Pearce, 395 U.S. 711, 723 (1969), is misplaced.  Citing Pearce, Hodge argues that the increased term of supervised release was unwarranted, absent any new facts to support an increase in punishment on a resentencing.  In Pearce, the Supreme Court applied a presumption of unconstitutional vindictiveness when, on remand, the same sentencing judge increased a sentence absent a basis in any new record facts.  Id. at 726.  But here, Pearce is

-5-

inapplicable.  There was a substantial change in the facts between the imposition of the first sentence and the sentence from which Hodge now appeals.  The Supreme Court's decision in Dorsey led to the district court's imposing a substantially reduced prison sentence.  The new sentence imposed on Hodge was, accordingly, not an increased sentence, but a sentence involving an increase in one aspect, and a substantial decrease in a more important aspect.  Furthermore, the subsequent sentence was imposed by a different judge.  See United States v. Perez, 904 F.2d 142, 146 (2d Cir. 1990).

Second, Hodge's reliance on the "law of the case" doctrine is likewise misplaced.  Hodge argues that the initial term of four years' supervised release controls.  But Hodge ignores this Court's prior order, which remanded the matter, in light of Dorsey, for de novo resentencing.  United States v. Hodge, U.S.C.A. Dkt. No. 10-5189, doc. 56 (Motion Order).  The district court therefore owed no duty to adhere to the initial sentence, as the remand for de novo resentencing "effectively wiped the slate clean."  Pepper v. United States, 131 S. Ct. 1229, 1251 (2011).

Third, the court concluded -- as Hodge's counsel suggested -- that Hodge would benefit from the probation office's guidance.  The court noted Hodge's tendency to "go[] off the appropriate behavior every once in a while" and that, in the court's

-6-

view, Hodge "really . . . needs" guidance "for that period of time." A term of five years' supervised release, therefore, was not "shockingly high" so as to render the sentence substantively unreasonable.  United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).  In light of the decrease in the term of incarceration, the district court's decision to increase the period of supervised release was not unreasonable.

Accordingly, we find that the imposition of five years' supervised release was substantively reasonable "as explained by the district court, [and] can bear the weight assigned it under the totality of circumstances in the case."  Id. at 122 (quoting Cavera, 550 F.3d at 191).

* * *

We have considered Hodge's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-7-