United States v. Vargas-Rodriguez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand seventeen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    16-2491

RAMON VARGAS-RODRIGUEZ,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            Thea Johnson, Federal Defenders
                          of New York, New York, NY.

FOR APPELLEE:             Dina McLeod (Brian R. Blais, on
                          the brief), for Joon H. Kim,
                          Acting United States Attorney
                          for the Southern District of New
                          York, New York, NY.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant Ramon Vargas-Rodriguez appeals from the judgment of the United States District Court for the Southern District of New York (Gardephe, <u>J.</u>), entered on his plea to being a felon in possession of a firearm, sentencing him principally to sixty months of imprisonment. Vargas-Rodriguez does not challenge his conviction, but appeals a four-level sentencing enhancement that the district court applied after determining that Vargas-Rodriguez possessed a gun "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The separate felony was possession of marijuana with intent to distribute. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Sentences are reviewed for procedural and substantive reasonableness; Vargas-Rodriguez asserts only procedural unreasonableness. "A district court commits procedural error where it . . . makes a mistake in its Guidelines calculation, . . . or rests its sentence on a clearly erroneous finding of fact." <u>United States v. Cavera</u>, 550 F.3d 180, 190 (2d Cir. 2008) (in banc). "A finding is clearly erroneous when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>United States v. Cuevas</u>, 496 F.3d 256, 267 (2d Cir. 2007) (quoting <u>United States v. Hazut</u>, 140 F.3d 187, 190 (2d Cir. 1998)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." <u>United States v. Chalarca</u>, 95 F.3d 239, 244 (2d Cir. 1996) (quoting <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 574 (1985)).

After a felon-in-possession conviction, a four-level sentencing enhancement may be applied if the defendant "used or possessed any firearm . . . in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). That requirement is met when the district court finds by a preponderance of the evidence that "the firearm . . . facilitated, or had the potential of facilitating, another felony offense." <u>Id.</u> cmt. n.14(A); <u>United States v. Legros</u>,

529 F.3d 470, 474 (2d Cir. 2008).  The district court applied the enhancement here.

Vargas-Rodriguez challenges the district court's findings that Vargas-Rodriguez intended to distribute marijuana (rather than consume it himself), and that the gun was possessed in connection with marijuana distribution.

The district court's findings were supported by more than enough evidence to survive clear error review.  For example:

- Vargas-Rodriguez was found with 220 grams of marijuana, enough to roll approximately 220 joints, and there was little evidence in the record suggesting that Vargas-Rodriguez used marijuana himself.

- A government expert testified that the drug's packaging (approximately half of a pound of marijuana in a gallon Ziploc bag) was consistent with wholesale distribution.

- The same expert testified that the marijuana was high-quality, and that 220 grams of it could be sold retail for more than $5,000, or wholesale for more than $2,000.  As the district court observed, Vargas-Rodriguez and his girlfriend were unemployed and could "ill afford thousands of dollars of marijuana for personal use."  App'x at 103.

- Vargas-Rodriguez possessed a loaded handgun in close proximity to a large amount of marijuana, and the government expert opined that marijuana traffickers "[v]ery frequently" carry guns.  App'x at 40.  Since firearms are "tool[s] of the narcotics trade," United States v. Muniz, 60 F.3d 65, 71 (2d Cir. 1995), the presence of the gun suggested that Vargas-Rodriguez intended to distribute the drugs and that the gun could facilitate the distribution.  See U.S.S.G. § 2K2.1 cmt. n.14(B) (stating that the enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs").

The district court was justified in finding, based on a combination of the above evidence, that Vargas-Rodriguez intended to distribute the marijuana rather than consume it, and that his weapon either facilitated or could have facilitated the distribution. Although Vargas-Rodriguez argues that some of the evidence is also consistent with personal consumption, that is unavailing under clear error review. So long as the district court's findings were a "permissible view[] of the evidence," there was no clear error. Chalarca, 95 F.3d at 244. The district court's findings were permissible, and, consequently, the sentencing enhancement was appropriately applied.

For the foregoing reasons, and finding no merit in Vargas-Rodriguez's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK