16-2529-cr
United States v. Moore

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER
## [REDACTED VERSION]

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand seventeen.[*]

PRESENT:  REENA RAGGI,
          SUSAN L. CARNEY,
                    *Circuit Judges*,
          LEWIS A. KAPLAN,
                    *District Judge*.[†]

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellant*,


            v.                                          No. 16-2529-cr


LESLIE MOORE,
                    *Defendant-Appellee*.
-----------------------------------------------------------------------
FOR APPELLANT:                   Paul D. Silver, Katherine E. Kopita, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

---

[*]  This summary order was filed under seal on May 31, 2017.

[†]  Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLEE:                          Robert J. Boyle, Law Office of Robert J. Boyle, New York, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 28, 2016, is VACATED, and this matter is REMANDED for further proceedings consistent with this order.

The United States appeals from what the district court itself characterized as an "illegal sentence." J.A. 75. The challenged sentence of ███████████████ ██████████████████████████████████ was imposed on defendant Leslie Moore following her guilty plea to conspiracy to traffic in 500 grams or more of cocaine, 28 grams or more of cocaine base, and an unspecified amount of heroin. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. ██████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████ The government urges us to identify procedural error ████████████████ ██████ and to vacate Moore's sentence as unreasonable. We apply a deferential abuse-of-discretion standard to reasonableness challenges to sentences, *see United States v. Young*, 811 F.3d 592, 598 (2d Cir. 2016), which "incorporates *de novo* review of questions of law" and "clear-error review of questions of fact," *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008). We assume the parties' familiarity with the facts and

2

record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████     ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████     ████████████

██████████████████████     ██████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████     █████     █████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████     ██████████████████

████████████████████████

The district court here concluded that the applicable 60-month mandatory minimum required a Guidelines calculation for Moore that presumed a total offense level of 22 and a criminal history category of III, thereby yielding a sentencing range of 51 to 63 months. █████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████     █████████████████████████████

3

████████ The district court ████████████████████████████ and appears to have accepted the government's assessment ████████████ ████████████ as evidenced by its repeated reference to ████████ ████████████████████ as the limit of its ██████ authority. *See* J.A. 75 ████████████████████████

████████████████████████████████████

██. Despite this acknowledgment ████████████████████████ ████████████ the district court continued as follows:

> That having been said, for the reasons that are articulated by [defense counsel] here and in his sentencing submissions, I impose an *illegal sentence*

████████████████████[1]

Moore argues that the district court did not, in fact, impose an illegal sentence because its statements manifest ████████████████████

████████████████████████████████████

████████████████████ We do not think the district court's statements

---

[1] ████████████████████████████████████

support that conclusion. ████████████████████████████████████

████████████████████     ████████████████████████████████████

██████████████████████████████████████████████████████████████

████████     ████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████     Nevertheless, we cannot completely dismiss the

possibility of such adoptions. ████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████     Thus, whether there was actual ███████

error, or simply ambiguity, we must vacate Moore's sentence and remand for

resentencing.

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████     ████████████████████████████████████

██████████████████████████████████████████████████████

Accordingly, we VACATE the judgment of the district court, and REMAND for

further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court