10-2080-cr (Con)
United States v. Sanchez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand twelve.

Present:
> RALPH K. WINTER,
> PETER W. HALL,
> > *Circuit Judges.*
> ALVIN K. HELLERSTEIN,[*]
> > *District Judge.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

GEORGE SANCHEZ, A/K/A LITTLE G,
A/K/A GEORGIE, JOEL SOTO, A/K/A
JOE CRACK, JOSE BATISTA, A/K/A GORDO,

> *Defendants-Appellants*.[**]

Nos. 10-2080-cr(Con), 10-2127-cr(Con),
10-2590-cr(Con)

---

[*] The Honorable Alvin K. Hellerstein, District Judge for the United States District Court for the Southern District of New York, sitting by designation.

[**] We resolve the appeal of Appellant Jose Batista in a separately filed order issued today.

FOR APPELLEE:             HAROLD H. CHEN, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *of counsel*), *for* David B. Fein, United States Attorney for the District of Connecticut, Bridgeport, CT.

FOR APPELLANTS:           FRANK J. RICCIO, II (Frank J. Riccio, *of counsel*), Law Offices of Frank J. Riccio LLC, Bridgeport, CT (*for Defendant-Appellant* George Sanchez); MICHAEL S. HILLIS, Dombroski Hillis, LLC, New Haven, CT. (*for Defendant-Appellant* Joel Soto).

Appeal from the United States District Court for the District of Connecticut (Hall, *J*.).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgments of the District Court be and hereby are **AFFIRMED**.

Defendant-Appellant George Sanchez appeals from a judgment entered by the district court, convicting him, following a guilty plea, of one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846, and one count of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. Co-defendant-Appellant Joel Soto appeals from a separate judgment entered by the district court, convicting him, following a jury verdict, of the same two counts. The district court sentenced Sanchez and Soto in principal part to 330-months and 228-months imprisonment, respectively. On appeal, Sanchez and Soto challenge only the reasonableness of their sentences. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review sentences for abuse of discretion, a standard that 'incorporates *de novo* review of questions of law (including interpretation of the [Sentencing] Guidelines) and clear-error review of questions of fact.'" *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010)

(quoting *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008)). In applying this standard to sentencing appeals, we are constrained to review for reasonableness, *Gall v. United States*, 552 U.S. 38, 46 (2007), which "encompasses two components: procedural review and substantive review," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A district court "commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, [] treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* at 190 (internal citations omitted). If we find that there was no procedural error, we then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. In so doing, we must "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantage of district courts." *Cavera*, 550 F.3d at 190.

I.      George Sanchez

Sanchez challenges the procedural reasonableness of his sentence on two grounds: (1) the district court erred in calculating the drug quantity to which he was accountable; and (2) the court failed to give adequate consideration to the 18 U.S.C. § 3553(a) factors, and in particular, the issue of sentence disparities.

With respect to the drug quantity, the district court found that Sanchez was accountable for more than 150 kilograms of cocaine, which exceeded the 50-to-150 kilogram amount stipulated to by the parties prior to sentencing. Sanchez contends that the court erred by disregarding the stipulated drug quantity, and that in any event, the finding that the drug quantity

exceeded 150 kilograms was erroneous because the court relied exclusively on purportedly unreliable testimony from cooperating witnesses. We disagree on both points.

As a general matter, because a drug quantity determination is a factual finding, we review it only for clear error. *See United States v. Richards*, 302 F.3d 58, 70 (2d Cir. 2002) ("[A] district court's drug quantity finding . . . will not be disturbed unless it is clearly erroneous.") (internal quotation marks omitted); *see also id.* ("When addressing a claim that there was insufficient evidence to support a district court's drug quantity finding, we are mindful that the district court has broad discretion to consider all relevant information and the quantity determination will not be disturbed unless it is clearly erroneous.") (internal quotation marks omitted). In addition, it is well-established that a district court is not bound by the parties' stipulations as to facts relevant to sentencing. *See* U.S.S.G. § 6B1.4 (Commentary) ("[T]he court cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information."); *see also United States v. Granik*, 386 F.3d 404, 411 (2d Cir. 2004) ("Although a stipulation as to the amount of loss in a plea agreement that . . . will generally govern the resolution of that issue, . . . the stipulation does not bind the sentencing court, and that court must find the loss amount as a fact at sentencing."). Here, although the district court acknowledged that the parties had stipulated to a particular drug quantity, it found, appropriately, that the record evidence–based on uncontested witness testimony–showed that Sanchez was accountable for a higher amount. *See generally United States v. Beverly*, 5 F.3d 633, 642 (2d Cir. 1993) (recognizing "that assessing the credibility of witnesses is distinctly the province of the district

-4-

court," and that a court's "factual findings on the testimony of witnesses is entitled to special deference."). Even taking the conservative estimate that the drug-trafficking organization distributed only one kilogram of cocaine per week during the seven-year duration of the conspiracy, this amounts to well over 350 kilograms of cocaine. Sanchez's challenge to the drug quantity is therefore unavailing.

With respect to the § 3553(a) factors, Sanchez argues that the district court failed to consider sentence disparities, and in particular, the fact that unlike other principal Connecticut-based drug traffickers, he maintained a relatively modest lifestyle and was not found to have engaged in violence. We identify no such error. Time and again, we have emphasized that "in the absence of record evidence suggesting otherwise," we will presume "that a sentencing judge has faithfully discharged her duty to consider the [§ 3553(a)] statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006). And we have rejected repeatedly the proposition that a district must articulate something akin to "robotic incantations . . . to prove the fact of consideration of these factors." *Id.* (internal quotation marks omitted). Here, review of the record confirms that the district court gave substantial consideration to the § 3553(a) factors. In addition to identifying all of the factors at sentencing and discussing how each bore on its determination of an appropriate sentence, the court participated in a lengthy colloquy with the parties on sentence disparity, comparing and contrasting Sanchez to other defendants who had been convicted for similar offenses. Weighing all of these considerations, the court concluded, within the proper bounds of its discretion, that a sentence of 330-months imprisonment–below the applicable Guidelines range–was appropriate.

Finally, Sanchez asserts that for many of these same reasons, his sentence is "shockingly high" and should be vacated as substantively unreasonable. As already noted, however, we find no procedural error with his sentence, and while we recognize that a 330-month term of imprisonment is substantial, it remains 30 months less than the lower end of the applicable Guidelines range. *Cf. Fernandez*, 443 F.3d at 27 (observing that a Guidelines sentence will "in the overwhelming majority of cases . . . fall comfortably within the broad range of sentences that would be reasonable"). Regardless, the record evidence shows that Sanchez was a principal actor in a massive drug trafficking organization that operated for more than seven years and that distributed more than 350 kilograms of cocaine. On these facts, we cannot say that Sanchez's 330-month sentence is unreasonable.

II.    Joel Soto

Soto challenges only the procedural reasonableness of his 228-month sentence, asserting that the district court erred by finding that he was accountable for at least 50 kilograms of cocaine. Although Soto concedes he was directly involved in the distribution of five to fifteen kilograms of cocaine, he contends that any additional quantities were not foreseeable to him based on the extent of his involvement in the underlying conspiracy.

As already noted, we afford district court's considerable latitude in making drug quantity findings, *see Richards*, 302 F.3d at 70, and it is well established that where, as here, a defendant is convicted for a "jointly undertaken criminal activity," he "may be held responsible for all reasonably foreseeable acts of others in furtherance of the conspiracy," *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (internal quotation marks omitted); *id.* ("The defendant need not have actual knowledge of the exact quantity of narcotics involved in the entire conspiracy; rather

-6-

. . . the question is whether the conspiracy-wide quantity was within the scope of the criminal activity the defendant agreed to and whether the activity in question was foreseeable to the defendant.") (internal citations omitted). In other words, "the quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction." *United States v. Chalarca*, 95 F.3d 239, 243 (2d Cir. 1996).

Here, the district court did not err by finding that Soto was accountable for at least 50 kilograms of cocaine. During the course of Soto's involvement in the conspiracy, the drug-trafficking organization was transacting appropriately one kilogram of cocaine per week. On at least one occasion, Soto received a package at his house on behalf of Sanchez that contained two kilograms of cocaine. Soto also traveled with Sanchez to Massachusetts to pick up three kilograms of cocaine from a supplier, and on numerous occasions Soto traveled to Waterbury, Connecticut with $20,000 in cash to purchase cocaine on Sanchez's behalf. Other evidence showed that Soto was actively involved in processing the cocaine, converting it into crack cocaine and packaging it for sale. And, Soto's close involvement in the organization's operations was confirmed by the fact that when arrested, $2,000 in cash, a digital scale, and other narcotics-processing equipment was seized at his home. On these facts, the district court's drug quantity finding was not clearly erroneous.

We have considered all of Sanchez's and Soto's remaining arguments and find them without merit. The judgments are therefore **AFFIRMED**.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, CLERK