16-468
*United States v. Reginald Cooper*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand seventeen.

Present:
 ROBERT A. KATZMANN,
  *Chief Judge*,
 DEBRA ANN LIVINGSTON,
  *Circuit Judge*,
 MARGO K. BRODIE,
  *District Judge*.[*]

UNITED STATES OF AMERICA,

 *Appellee*,

 v.                                            No. 16-468

REGINALD COOPER,

 *Defendant-Appellant*.

[*] Judge Margo K. Brodie, of the United States District Court for the Eastern District of New York, sitting by designation.

1

For Defendant-Appellant:                                   Matthew Daniel Myers, Myers, Singer &
                                                           Galiardo, LLP, New York, NY.

For Appellee:                                              Michael Gerber, Amanda Houle, and
                                                           Karl Metzner, Assistant United States
                                                           Attorneys, Of Counsel, *for* Preet
                                                           Bharara, United States Attorney for the
                                                           Southern District of New York, New
                                                           York, NY.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Reginald Cooper appeals from the judgment of the United States District Court for the Southern District of New York (Castel, *J.*) sentencing Cooper to 42 months' imprisonment and one year of supervised release on the charge of using a telephone to facilitate the commission of a felony drug-trafficking offense, in violation of 21 U.S.C. § 843(b). Cooper pled guilty to this charge pursuant to a plea agreement stipulating that the applicable United States Sentencing Guidelines range was 24 to 30 months' imprisonment. The district court, accepting this calculation of the Guidelines range, imposed an above-Guidelines sentence. On appeal, Cooper argues that his sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the procedural history and facts of this case.

"We review sentences for abuse of discretion, a standard that 'incorporates de novo review of questions of law (including interpretation of the [Sentencing] Guidelines) and clear-error review of questions of fact.'" *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (quoting *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008)). First, Cooper contends that

2

his sentence was procedurally unreasonable because the district court did not provide specific reasons for imposing an above-Guidelines sentence. "A district court commits procedural error where it . . . fails adequately to explain its chosen sentence," *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc), and such an explanation "must include 'an explanation for any deviation from the Guidelines range.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Here, the district court did, in fact, explain the reasons for imposing an above-Guidelines sentence, both at the sentencing hearing and in the written Statement of Reasons attached to the judgment. The district court focused, in particular, on Cooper's extensive criminal history, which, in the district court's view, manifested "disrespect of the law." A. 32. Therefore, we reject Cooper's procedural reasonableness challenge to his sentence.

Second, Cooper claims that his sentence was substantively unreasonable because it was greater than necessary to achieve the aims of sentencing. Cooper cites, for example, recent data on the median and mean sentences for communication facility offenses. A sentence is substantively unreasonable if it is "outside the range of permissible decisions," *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (per curiam), so that "affirming it 'would . . . damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law.'" *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). Here, nothing about Cooper's sentence placed it "outside the range of permissible decisions," *Park*, 758 F.3d at 200, especially in light of Cooper's criminal history. As a result, we reject Cooper's substantive reasonableness challenge to his sentence.

3

We have considered all of Cooper's remaining arguments and find in them no basis for altering our decision.  Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

<div style="margin-left: 40%;">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>