16-56-cr (L); 16-96-cr (CON)
*United States v. Burroughs*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand seventeen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            DENNY CHIN,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

          *Appellee,*                    16-56-cr (L); 16-96-cr (CON)

          v.

ANTOINE BURROUGHS,

          *Defendant-Appellant.[1]*

---

**FOR DEFENDANT-APPELLANT:**      Brendan White, White & White, New York, NY.

**FOR APPELLEE:**      Rachel Maimin and Brian R. Blais, Assistant United States Attorneys, *for* Joon H. Kim, Acting United States Attorney

---

[1] The Clerk of Court is respectfully directed to amend the official caption to conform with the caption above.

for the Southern District of New York,
New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Antoine Burroughs appeals from a judgment of conviction entered on December 23, 2015. Burroughs and his co-defendant Leon Whitefield were charged with various counts arising from the murder of Gerardo "Jerry" Antoniello (hereinafter, "Jerry"), a 29 year old custodial supervisor for the New York City Department of Education.[2] On September 9, 2009, Burroughs and Whitefield attempted to rob the home of Bartolomeo "Romeo" Antoniello (hereinafter, "Romeo") at the behest of an associate of the Gambino crime family. During the robbery, Burroughs and Whitefield brutally assaulted the cancer-stricken Romeo and his son, Jerry.[3] During the struggle, Burroughs's gun went off, shooting Jerry in the back of the head and ultimately killing him.

After his arrest, Burroughs pleaded guilty to conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery, both in violation of 18 U.S.C. § 1951. Under his plea agreement, the parties stipulated that under the U.S. Sentencing Guidelines, Burroughs's total offense level was 40 and his Criminal History Category was I, thereby provide a Guidelines range of 292 to 365 months' imprisonment. The Probation Office, however, recommended that the District Court impose the statutory maximum of 40 years' imprisonment primarily because of the brutality of the offense and Burroughs's lack of remorse. On December 23, 2015, the District Court sentenced Burroughs principally to 405 months' imprisonment.

On appeal, Burroughs asserts that his sentence was procedurally and substantively unreasonable, and that his convictions for conspiracy to commit robbery and attempted robbery violated the Double Jeopardy Clause of the United States Constitution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, each of Burroughs's arguments lacks merit.

---

[2] On March 3, 2017, we dismissed Whitefield's appeal of his conviction as barred by the waiver of appellate rights contained in his plea agreement, Docket No. 16-56.

[3] Burroughs and Whitefield beat and pistol-whipped Jerry so severely that every one of Jerry's teeth was knocked out by the root.

2

We review sentences "for abuse of discretion, a standard that 'incorporates de novo review of questions of law (including interpretation of the [Sentencing] Guidelines) and clear-error review of questions of fact.'" *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (quoting *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008)) (alteration in original). There are two components to our review: procedural and substantive. *Id.* A district court commits procedural error "where it fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). A sentence is substantively unreasonable "only if it cannot be located within the range of permissible decisions." *Bonilla*, 618 F.3d at 108 (internal quotation marks omitted). Our review for substantive reasonableness is "deferential." *Cavera*, 550 F.3d at 191.

Burroughs first argues that his sentence was procedurally unreasonable because the District Court did not give him advance notice, pursuant to Rule 32(h) of the Federal Rules of Criminal Procedure, of its intention to vary upward from the Guidelines range. We disagree. Under Rule 32(h), "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Rule 32(h)'s notice requirement, however, applies only to departures, not to variances pursuant to 18 U.S.C. § 3553(a). *See Irizarry v. United States*, 553 U.S. 708, 714–16 (2008).[4] Here, the District Court did not depart from the Guidelines range, but rather varied upward based on its considerations of the § 3553(a) sentencing factors. In any event, even if the District Court had imposed the sentence as a departure, the grounds for such a departure were identified in both the Presentence Investigation Report and the Government's prehearing sentencing submission. Accordingly, we find no procedural error.

Burroughs also challenges the substantive reasonableness of his sentence. On the record before us, we conclude that his sentence is not substantively unreasonable. The District Court employed a careful analysis of the factors set forth in 18 U.S.C. § 3553(a) to determine that an above-Guidelines sentence was necessary. Further, given the strikingly violent and senseless nature of the defendant's offense, we cannot conclude that the District Court's sentence "cannot be located

---

[4] A departure "is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *Irizarry*, 553 U.S. at 714. A variance, however, "describes the District Court's power pursuant to 18 U.S.C. § 3553(a) to impose a sentence outside of the otherwise applicable Guidelines range . . . ." *United States v. Keller*, 539 F.3d 97, 99 n.2 (2d Cir. 2008).

within the range of permissible decisions." *Bonilla*, 618 F.3d at 108 (internal quotation marks omitted).

## B.

Burroughs, pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure, joined all arguments made in Whitefield's opening brief. The only argument advanced by Whitefield that is applicable to Burroughs was Whitefield's contention that his convictions for conspiracy to commit robbery and attempted robbery violated the Double Jeopardy Clause. Burroughs's valid guilty plea, however, constitutes a waiver of his double jeopardy claim. *See United States v. Broce*, 488 U.S. 563, 569 (1989).[5]

## CONCLUSION

We have reviewed all of the arguments raised by Burroughs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 23, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] The Supreme Court has left open the possibility that a double jeopardy violation apparent on the face of the indictment or the record existing at the time a plea is entered is not waived. *Broce*, 488 U.S. at 575–76. These exceptions, however, are not applicable here. *See, e.g.*, *United States v. Farhane*, 634 F.3d 127, 153 (2d Cir. 2011) (finding that attempt and conspiracy to commit the same object were distinct offenses that did not raise double jeopardy concerns).