**UNITED STATES of America,**
**Appellee,**

v.

**Abram LLANOS, Defendant–Appellant.**

**No. 06–1599–cr.**

United States Court of Appeals, Second Circuit.

Feb. 1, 2008.

Robert A. Culp, Law Office of Robert A. Culp, Garrison, N.Y., for Defendant–Appellant.

Brenda K. Sannes (Thomas P. Walsh, of counsel) Assistant United States Attorneys, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, N.Y., for Appellee.

Present: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Abram Llanos appeals from a judgment of the district court dated March 22, 2006 sentencing him to a term of imprisonment of 92 months. We assume the parties' familiarity with the facts, procedural history and specification of issues on appeal.

We review the district court's interpretation of the Sentencing Guidelines *de novo* and the district court's findings of fact for clear error. *United States v. Rubenstein,* 403 F.3d 93, 99 (2d Cir.2005). When a party properly objects to a sentencing error in the district court, we review for harmless error; issues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error. *United States v. Villafuerte,* 502 F.3d 204, 207 (2d Cir.2007).

In 2005, the district court sentenced appellant to 120 months' imprisonment. Thereafter, Llanos moved this Court, on consent of the government, for summary remand on the ground that the sentence imposed was based on the erroneous premise that Llanos was a "career offender" under U.S.S.G. § 4B1.1 and therefore in criminal history category VI. In an order dated November 10, 2005, we granted the motion and remanded the case for resentencing.

In connection with the resentencing, the probation office determined that, absent career-offender status, Llanos belonged in criminal history category IV, a conclusion neither party challenged. At the resentencing, however, the district court at one point told the appellant that his "criminal history category is a six." As the parties agree, this statement was erroneous; the probation office correctly calculated the criminal history category as IV.

Neither party objected to the Court's statement at the time of sentencing, presumably because the court recited the accurate Guidelines range and imposed a lower sentence. "[U]ndoubtedly just a slip of the tongue," the district court's statement amounted to nothing more than harmless error,[1] *United States v. Grimes*, 225 F.3d 254, 260 (2d Cir.2000)(per curiam), as further evidenced by the fact that the district court's written statement of reasons for its sentence, *see* 18 U.S.C. § 3553(c)(2), properly lists the criminal history determination as IV.

We find the remainder of appellant's arguments barred by the appeal-waiver provision in the plea agreement that he entered into with the government. *See United States v. Fisher*, 232 F.3d 301, 303 (2d Cir.2000) (noting that "we have regularly enforced waivers of [this] sort"). We have considered Llanos' arguments for voiding the appeal-waiver provision and find them to be without merit.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

---

1. Although the district court's slip should arguably be subject to the more "rigorous" plain-error review, *see Villafuerte*, 502 F.3d at 207–08, we need not even engage in such analysis because the error is so clearly harmless.