United States v. Curry

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-four.

PRESENT:
>    DENNIS JACOBS,
>    MYRNA PÉREZ,
>    MARIA ARAÚJO KAHN,
>        *Circuit Judges*.

———————————————————————

UNITED STATES OF AMERICA,

>        *Appellee*,

>    v.                                                                              No. 23-6645

WILLIAM M. CURRY,

>        *Defendant-Appellant*.

———————————————————————

1

FOR APPELLEES:                    Lisa M. Fletcher, Joshua Rothenberg, Assistant United States Attorneys, of Counsel, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:          Melissa A. Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings.

On appeal, Defendant-Appellant William M. Curry challenges the procedural and substantive reasonableness of the imposition of an eighth term of supervised release, as well as four of the ten special conditions of supervised release.

In 2000, Curry was convicted of sexual abuse in the first degree under N.Y. Penal Law § 130.65(e). He was subsequently designated a Level 2 Sex Offender and required to register under the Sex Offender Registration and Notification Act ("SORNA"). Sometime later, law enforcement authorities discovered that Curry had failed to register as a sex offender under SORNA in New York. He was charged with failure to register under SORNA, in violation of 18 U.S.C. § 2550(a), pleaded guilty, and was ultimately sentenced to forty months' imprisonment and ten years of supervised release.

Over the course of the next decade, Curry violated his conditions of supervised release seven times. Each violation was followed by another term of supervised release. In December 2022, the Probation Office filed a petition alleging that Curry had violated his conditions of supervised release for the seventh time. On May 31, 2023, the district court held a supervised

2

release hearing and sentenced him to twenty-four months' imprisonment followed by five years of supervised release. The district court also imposed ten special conditions of supervised release. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

## DISCUSSION

"We review a district court's sentencing decision for procedural and substantive reasonableness, using a 'deferential abuse-of-discretion standard.'" *United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)). This standard applies to review of special conditions of supervised release. *United States v. Sims*, 92 F.4th 115, 122 (2d Cir. 2024). "The abuse-of-discretion standard incorporates *de novo* review of questions of law (including interpretations of the [United States Sentencing] Guidelines) and clear-error review of questions of fact." *Vargas*, 961 F.3d at 570 (quoting *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008)). "When a party properly objects to a sentencing error in the district court, we review for harmless error; issues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error." *Id.* at 570–71 (quoting *United States v. Llanos*, 262 F. App'x 336, 336 (2d Cir. 2008)).

"When deciding whether a term of supervised release is appropriate—and if so, the length of the term and the conditions that should apply—the court is directed to consider certain factors listed in 18 U.S.C. § 3553(a)." *Sims*, 92 F.4th at 122–23. Relevant here, those factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2).

3

## I.    <u>Term of Supervised Release</u>

The district court did not abuse its discretion in imposing an eighth, five-year term of supervised release.

### A. Procedural Reasonableness

The term of supervised release was procedurally reasonable.  Because Curry failed to object to the procedural reasonableness of the term of supervised release before the district court, his objection on appeal is forfeited in the absence of plain error.  *Vargas*, 961 F.3d at 570.  Here, the district court "properly accounted for the factors that constrain its sentencing discretion." *Sims*, 92 F.4th at 122 (quoting *United States v. Kunz*, 68 F.4th 748, 759 (2d Cir. 2023)).  Not only did it "state . . . the reasons for its imposition of the particular sentence" and its reasons for imposing an above-guidelines sentence "with specificity," 18 U.S.C. § 3553(c), (c)(2), but the condition was also "self-evident in the record," *Sims*, 92 F.4th at 124 (quoting *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018)).

In imposing Curry's sentence, the district court explained that Curry's new violation conduct was "almost exactly the same conduct [he] engaged in that resulted in [his] six prior revocation sentences," that the "conduct occurred within weeks of [his] commencing the current term of supervised release," and that the sentence was "necessary to hold [him] accountable for [his] serious betrayal of this court's trust, and to protect the community given [his] continued criminal behavior and [his] risk of future criminal conduct." J. App'x at 155–56.  As a result, the district court clearly considered—and based Curry's sentence on—several 18 U.S.C. § 3553(a) factors, namely, the "nature and circumstances of the offense," his "history and characteristics," and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(C).  Although the district court did not explicitly provide a separate justification for the

imposition of a term of supervised release, it was not required to. Rather, the Second Circuit has previously recognized that "district courts, understandably, often provide only one explanation for the entirety of a sentence." *United States v. Burden*, 860 F.3d 45, 57 (2d Cir. 2017) (per curiam). The district court's imposition of supervised release was procedurally reasonable.

### B. Substantive Reasonableness

Nor do we find the district court's imposition of the term of supervised release substantively unreasonable, as the sentence can undoubtedly "be located within the range of permissible decisions." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (per curiam) (quoting *Cavera*, 550 F.3d at 188) (noting that this Court will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions").

As discussed previously, the district court based Curry's sentence on the 18 U.S.C. § 3553(a) factors—specifically, the "nature and circumstances of the offense," his "history and characteristics," and the need to "protect the public from further crimes of the defendant." *Id.* § 3553(a)(1), (a)(2)(C). And contrary to Curry's contention, his past inability to comply with his conditions of supervised release provides no compelling reason to find otherwise. *See United States v. Leon*, 663 F.3d 552, 555 (2d Cir. 2011) (per curiam) ("[A] defendant's violation of the terms of his supervised release 'tends to confirm the judgment that help was necessary, and if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed.'" (quoting *Johnson v. United States*, 529 U.S. 694, 709 (2000))). The district court's imposition of supervised release was substantively reasonable.

## II.    Special Conditions of Supervised Release

We consider Curry's challenges to his special conditions of supervised release; all special conditions are affirmed, except Special Condition Ten, which is vacated.

### A.  Special Condition Ten

The district court imposed Special Condition Ten, which required Curry to "reside for a period of six months in a residential reentry center [("RRC")] or other suitable facility." J. App'x at 161. The district court explained, after consulting with Probation as to when this condition would occur, that it intended for the condition to apply to "the last six months of the [prison] sentence imposed" while Curry was "still technically under the Federal Bureau of Prisons' [("BOP")] custody." J. App'x at 163. Now, however, the Government concedes that it "believes the district court was misinformed in its consultation with Probation at the time of the revocation hearing," and agrees with Curry that this Court should vacate the condition and remand for further consideration. Appellee Br. at 54.

We agree that the relevant statutory authority precludes the imposition of Special Condition Ten in the manner ordered by the district court. *See* 18 U.S.C. § 3621(b) ("Any order . . . by a sentencing court that a convicted person serve a term of imprisonment in [an RRC] shall have no binding effect on the authority of the [BOP] under this section to determine or change the place of imprisonment of that person."); *see also id.* § 3624(c)(1) (requiring BOP to "ensure that a prisoner . . . spends a portion of the final months of [their sentence] . . . under conditions that will afford [them] a reasonable opportunity to adjust to and prepare for the[ir] reentry . . . into the community," which may include "a community correctional facility"). Because this condition arose from an error of law, we conclude that the district court abused its discretion and vacate

Special Condition Ten.

### B. Special Condition Three

Special Condition Three required Curry to undergo a psychosexual evaluation to determine whether he needed sex offender treatment. The district court reasoned that the special condition was "related to [his] history and characteristics, including your crimes against minors." J. App'x at 158. Conditions of supervised release need only be "reasonably related to any one or more of the specified factors" required for consideration in imposing a term of supervised release. *United States v. McLaurin*, 731 F.3d 258, 262 (2d Cir. 2013) (citation omitted); *see also United States v. Dupes*, 513 F.3d 338, 344 (2d Cir. 2008) (affirming sex offender conditions even though defendant's instant offense was not a sex offense where conditions were "reasonably related to [the defendant's] history and characteristics as a sex offender, his need for treatment, and the public's need for protection from him"). Here, Special Condition Three is reasonably related to Curry's history and characteristics. Curry has a prior sex offense conviction, and his underlying offense was his failure to register as a sex offender. Additionally, his prior violations of supervised release also relate to his need for ongoing evaluation—the record demonstrates that he attended an event at which a minor was present, and he failed to report for sex offender treatment in 2016 and 2022. The district court did not abuse its discretion by imposing Special Condition Three.

### C. Special Condition Five

Special Condition Five permitted probation to search Curry's person, property, residence, vehicle, papers, effects, and computers absent reasonable suspicion.

> [A] suspicionless search condition for an individual on supervised release is permissible under the Fourth Amendment, when supported by the record, because a supervisee has a diminished expectation of privacy and the effective administration of supervised release by a probation officer presents a "special need"

that "permits a degree of impingement upon privacy that would not be constitutional if applied to the public at large."

*United States v. Oliveras*, 96 F.4th 298, 304 (2d Cir. 2024) (brackets omitted) (quoting *United States v. Reyes*, 283 F.3d 446, 461 (2d Cir. 2002)). Here, the district court made an individualized assessment and explained that the condition was "necessary due to [Curry's] erratic behavior, criminal activity, and repeated violations on supervised release and [his] past sexual interest in minors," and "to ensure the safety of the community and to enforce the conditions imposed by this court." J. App'x at 159. The district court added that the condition would allow probation to "identify and address risky behaviors and noncompliance previously demonstrated by [Curry's] conduct while on supervised release." *Id.* Because the need for Special Condition Five was "supported by the record," *Oliveras*, 96 F.4th at 304, its imposition did not constitute an abuse of the court's discretion.[1]

## D. Special Condition Eight

Special Condition Eight prohibited Curry from entering, remaining in, or patronizing "any establishment whose business or purpose is the provision or sale of alcoholic beverages for on-site consumption, including, but not limited to bars, taverns, lounges, and nightclubs. This provision applies to the bar section of any restaurant." J. App'x at 160–61. The district court reasoned that this condition was necessary "for substance abuse and alcohol testing[,] and substance abuse treatment is required because of past drug use as noted in the presentence report." *Id.* at 161.

Although "[u]nder [certain] circumstances, a . . . brusque and generalized explanation

---

[1] Special Condition Five does not conflict with Standard Condition Fifteen, which requires Curry to submit to searches of "[his] person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media," "with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by [him]." J. App'x at 169. That Special Condition Five provides greater latitude for searches is of no moment. Standard Condition Fifteen, like all standard conditions, is a default rule, and Special Condition Five merely supersedes it.

might indeed amount to procedural error," no such error occurred here because the rationale for Special Condition Eight was "self-evident" from the record. *Kunz*, 68 F.4th at 760 (concluding that district court's failure to state its reasons for imposing a special condition to allow monitoring the defendant's computer access did not amount to procedural error because, "under the circumstances of th[e] case, the rationale for [the special condition] was 'self-evident,' not just from the details of his original . . . conviction, but also from his prolific record of supervised release violations since then" (citation omitted)).

Curry, on seven separate occasions, violated his conditions of supervised release arising from the same underlying conviction. Five of these violations arose from his failure to report for drug testing, failing to refrain from alcohol use, and/or failing to participate in substance abuse treatment. Moreover, the district court had previously imposed the same condition in Curry's fifth revocation of supervised release and explained that the condition was "in direct correlation to [his] continued violations of alcohol abuse during [his] supervised release." Gov't App'x at 28. The district court had further noted that Curry "has not exhibited good judgment, and the Court is concerned about consumption of alcohol causing further impaired judgment and decisionmaking." *Id.* As a result, the district court's reasons for imposing Special Condition Eight are "self-evident from the record." *Betts*, 886 F.3d at 202.[2] The district court therefore did not abuse its discretion in imposing the condition.[3]

---

[2] This case is distinguishable from *United States v. Forney*, in which the Second Circuit considered a substantively similar special condition and concluded that the district court failed to explain its reasons for imposing the special condition. 797 F. App'x 31, 33–34 (2d Cir. 2019). Here, the district court provided a justification for the imposition of Special Condition Eight, and an additional justification—namely, Curry's continued violations of alcohol abuse on supervised release—was "self-evident from the record." *Betts*, 886 F.3d at 202.

[3] Curry concedes that he failed to object to Special Condition Eight during sentencing but argues that, because he was not provided with the proposed special conditions in advance of sentencing, that a "relaxed" standard of plain error review should be applied. Where a defendant lacks sufficient notice of the challenged conditions, courts may apply a "relax[ed]" plain error standard. *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010). However, we need not determine which standard should be applied because Curry's claim fails under either standard, as the district court committed no error.

## CONCLUSION

In light of the foregoing, we VACATE Special Condition Ten, AFFIRM the judgment in all other respects, and REMAND the case for further reconsideration.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court